IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD B. WILLIAMS,
Petitioner

v.

WAYNE J. GAVIN, et al.,
Respondents

CIVIL NO. 3:11-CV-1399

(JUDGE NEALON)
(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

On July 28, 2011, Petitioner, Richard B. Williams, an inmate currently confined at the State Correctional Institution in Waymart, Pennsylvania filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). Petitioner alleges that the Pennsylvania Board of Probation and Parole ("the Board") violated the Ex Post Facto Clause when it refused him parole in 2006 and again in 2009. (Doc. 1). On September 29, 2011, Respondents filed a response to the habeas corpus petition, (Doc. 12), and a traverse was filed on October 7, 2011, (Doc. 13). On October 27, 2011, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation ("R&R") concluding that the habeas petition should be dismissed because Petitioner failed to exhaust state judicial remedies. (Doc. 14). Petitioner filed objections to the R&R on November 7, 2011. (Docs. 15-16). For the reasons set forth below, the R&R will be adopted.

### Standard of Review

When objections to a Report and Recommendation have been filed under 28 U.S.C. §

---

[1] On August 2, 2011, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), an Order was issued advising Petitioner of his limitations upon filing another section 2254 petition in the future if the current one is considered by the Court and directing him to return the Court's notice of election form. (Doc. 4). On August 9, 2011, Petitioner returned the election form indicating that he wishes to have his petition ruled on as filed. (Doc. 5).

1

636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Background**[2]

Petitioner was convicted in state court in 1994 of rape and involuntary deviate sexual intercourse and was sentenced to a total term of incarceration of not less that thirteen (13) years, five (5) months to not more than thirty-one (31) years, ten (10) months. (Doc. 14, pp. 1-2); see also (Doc. 12-1, Ex. 1). Petitioner applied for parole, but was refused in August of 2006 and again in August of 2009 because he needed to participate in and successfully complete a substance abuse program and a sex offender program. (Doc. 14, pp. 1-2). He raised an ex post facto claim regarding his 2006 parole refusal in a petition for writ of mandamus to the Pennsylvania Commonwealth Court, but failed to appeal the Court's order dismissing his petition. (Id. at pp. 5-6), discussing (Doc. 12-1, Ex. 6) (Order of the Commonwealth Court dated March 26, 2007, and time-stamped March 27, 2007). Petitioner made no attempt to exhaust state

---

[2]The background of this case is taken from the R&R and will be adopted by this Court.

judicial remedies regarding his 2009 parole refusal. (Id.).

The habeas corpus petition alleges that at the time of sentencing, Petitioner was not ordered to participate in any particular programs. (Doc. 14, pp. 1-2); see also (Doc. 1). Further, Petitioner, who has always maintained his innocence, claims that he "refused to participate in a sexual offender program, or was deemed not suitable for such a program, because to participate would require him to admit guilt, and he will not do so." (Id.). The habeas petition alleges that the Board changed its policy in 1996 and imposed requirements affecting Petitioner's eligibility for parole that were not in place at the time of his conviction. (Id.). He claims that the Board's application of the 1996 amendments to his parole review violated ex post facto laws. (Id.).

In an answer to the habeas petition, Respondents argue that because Petitioner did not exhaust state judicial remedies before initiating this action, the petition should be dismissed. (Doc. 14, p. 3); see also (Doc. 12). Alternatively, Respondents assert that the habeas corpus petition should be dismissed on its merits because Petitioner does not allege any facts that would establish that he is incarcerated in violation of the Constitution or laws of the United States. (Doc. 12, pp. 5-7), citing Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282 (3d Cir. 2005) ("Because Richardson has failed to make any showing (or proffer) that he was individually disadvantaged by the retroactive application of the 1996 Amendments, we conclude that he has not established an ex post facto violation.").

In his traverse, Petitioner responds that the exhaustion argument is contradictory because the Board's policy provides that parole refusals are not subject to appeal or judicial review. (Doc. 13, p. 2 and Attachment). Petitioner also disputes Respondents' merit analysis, focusing on the fact that he saved someone's life while incarcerated. (Id. at pp. 2-3). He relies on the

Defoy opinion to further support his claims. (Id.), citing DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005) (holding that "claims of constitutional violations [on grounds other than the Ex Post Facto Clause] in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion").

In the R&R, Magistrate Judge Smyser determines that Petitioner is required to exhaust state remedies by way of a petition for a writ of mandamus to the Commonwealth Court and that because Petitioner failed to appeal the denial of such a petition regarding his 2006 parole refusal and did not petition for review of his 2009 parole decision, his habeas corpus petition should be dismissed for failure to exhaust. (Doc. 14, pp. 4-6). Additionally, the Magistrate Judge finds that it is now too late to exhaust state judicial remedies and that Petitioner cannot demonstrate cause or a resulting fundamental miscarriage of justice to excuse his default. (Id. at pp. 6-7).

Because Petitioner filed objections[3] to the R&R, this Court will conduct de novo review.

**Discussion**

The R&R correctly explains that a state prisoner is required to exhaust state judicial remedies before filing a federal habeas corpus petition. See (Doc. 14, p. 3). Specifically, 28 U.S.C. § 2254 requires a state prisoner to first present his habeas "claim to the state's courts and to proceed with that claim through the state's judicial process until that claim has been denied by the state's highest court." (Id.) (citing 28 U.S.C. § 2254(b)).

After de novo review, this Court also agrees with Magistrate Judge Smyser's analysis of

---

[3]In addition to his objections, (Doc. 15), Petitioner filed a document entitled "Appeal of Magistrate's Report and Recommendation." (Doc. 16). Because the R&R makes "a recommendation for the disposition of a ... habeas corpus petition" and there are no independent objections stated in the appeal, his appeal will be denied. See M.D. Pa. L.R. 72.2 and 72.3.

the state judicial remedies available to Petitioner's claim. See (Doc. 14, pp. 4-6). The R&R states that there is no right to directly appeal a denial of parole. (Id.) (citing Coady v. Vaughn, 770 A.2d 287, 289 (Pa. 2001)). The Magistrate Judge then explains that although mandamus may not be used to challenge the Board's discretionary actions, an ex post facto claim may be raised in a petition for a writ of mandamus to the Commonwealth Court. (Id.) (distinguishing DeFoy, 393 F.3d 439). Accordingly, the Report finds that a state prisoner must present a claim that he was denied parole in violation of the Ex Post Facto Clause to the Commonwealth Court in order to exhaust state remedies. See (Doc. 14, p. 4), citing Parker v. Kelchner, 429 F.3d 58, 61-64 (3d Cir. 2005) (dismissing the habeas petition, which alleged an ex post facto violation for the Board's application of the 1996 Parole Act to the prisoner's case even though his conviction was for acts committed before 1996, for failure to exhaust).

In the instant action, Petitioner did not present his challenge to the 2006 parole refusal to the highest state court and failed to appeal his 2009 parole denial at all. (Doc. 14, p. 3). This Court will therefore adopt Magistrate Judge Smyser's conclusion that Petitioner failed to exhaust state judicial remedies. See Trivitt v. Klem, 2006 U.S. Dist. LEXIS 92810, *6 (M.D. Pa. 2006) (Vanaskie, J.) (concluding that the state prisoner failed to exhaust his ex post facto challenge to the Board's parole decision because although he filed a mandamus petition, he did not appeal the Commonwealth Court's dismissal of his mandamus action).

Petitioner objects to the Magistrate Judge's determinations, asserting that there is no available state judicial process for him to challenge the Board's refusal to grant parole. (Doc. 15, pp. 1-2). He cites to the decision in Finnegan, wherein the Pennsylvania Supreme Court held that amendments to the Parole Act do not violate the Ex Post Facto Clause. (Id.) (citing Finnegan v.

Pa. Bd. of Prob. & Parole, 838 A.2d 684 (Pa. 2003)).

To the extent Petitioner relies on Finnegan to excuse his failure to pursue state judicial remedies, the objection will be rejected. See Long v. Pa. Bd. of Prob. & Parole, 227 Fed. Appx. 190, 192 (3d Cir. 2007) (concluding "that Long's failure to exhaust his ex post facto claim in the Pennsylvania courts is not excused on the ground of likely futility on the merits"). Moreover, Finnegan has been overruled. See Cimaszewski v. Pa. Bd. of Prob. & Parole, 868 A.2d 416, 426-27 (2005) (holding that "retroactive changes in the laws governing parole may violate the ex post facto clause"); see also Thomas v. Pa. Bd. of Prob. & Parole, 199 Fed. Appx. 169, 170 (3d Cir. 2006) (dismissing the state prisoner's ex post facto claim for failure to exhaust).

In his objections, Petitioner also asserts that because a state remedy does not exist, or its utilization is frustrated by the state system, the federal courts may excuse exhaustion to redress his claims. (Doc. 15, p. 3). He alleges that "he has tried to present his case to the federal court as best he can" but the state and the Magistrate Judge have frustrated the process. (Id.).

Although Petitioner is correct that "federal courts may entertain the merits of a petition for habeas corpus where state remedies have not been exhausted 'when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy'", Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995) (quoting Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994)), this Court finds that there is an appropriate state remedy, namely a petition for writ of mandamus to the Commonwealth Court, and that neither the state process nor Magistrate Judge Smyser have frustrated its utilization. See Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986) (holding that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable"). In Barnhart, a state prisoner filed a

federal habeas corpus petition alleging an ex post facto violation for the Board's application of post-1996 parole guidelines to his pre-1996 conviction. Barnhart v. Kyler, 318 F. Supp. 2d 250, 253-54 (M.D. Pa. 2004) (Conner, J.). His petition for writ of mandamus was denied by the Commonwealth Court and the Pennsylvania Supreme Court dismissed his appeal as untimely. Id. He asked the federal district court to excuse his failure to exhaust state judicial remedies, arguing that the state Supreme Court's decision frustrated the use of available remedies. Id. The federal court rejected his argument and dismissed the habeas corpus petition with prejudice for failure to exhaust. Id. at 257 ("That this appeal was rejected as untimely does not frustrate exhaustion."), citing O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"). In accordance with these decisions, this Court will overrule Petitioner's objection that his failure to exhaust should be excused because utilization of the state remedy has been frustrated by the process.

Next, if Petitioner was still able to present his unexhausted claims to the state courts, the habeas petition could[4] be dismissed without prejudice to allow him to pursue state judicial remedies; however, the time for filing an appeal or mandamus petition has expired. See Trivitt, 2006 U.S. Dist. LEXIS 92810 at *8 (citing PA. R. APP. P. 903(a)). Consequently, Magistrate Judge Smyser considers whether the procedurally defaulted[5] claims can nevertheless be

---

[4]But see the discussion on timeliness below.

[5]The Third Circuit Court of Appeals has explained:

When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence

7

reviewed. See (Doc. 14, pp. 5-7). After de novo review, this Court agrees with the factors analyzed in the R&R. (Id. at p. 6). Specifically, federal habeas review is only permitted if Petitioner can demonstrate cause for not fully exhausting available state judicial remedies and actual prejudice resulting from the alleged violation of federal law, or if he can show that failure to consider the claims will result in a fundamental miscarriage of justice. (Id.); see also Bennett v. Rozum, 2008 U.S. Dist. LEXIS 29606, *17-18 (M.D. Pa. 2008) (Jones, J.) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

This Court concurs with Magistrate Judge Smyser's determination that Petitioner did not show cause for not appealing the Commonwealth Court's decision relating to his 2006 parole refusal or for his failure to file a petition for a writ of mandamus regarding the Board's denial of parole in 2009. (Doc. 14, pp. 5-6). Other than the objections discussed, and rejected, above, Petitioner makes no attempt to establish cause for failing to fully exhaust state judicial remedies. Importantly, simply because Petitioner believed the state courts would deny relief does not establish "cause" to excuse his failure to pursue the claim. See Holland v. Horn, 150 F. Supp. 2d 706, 773 (E.D. Pa. 2001) (reasoning that "a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid"), citing Engle v. Isaac, 456 U.S. 107, 130 (1982) (holding that a prisoner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim"). Further, "[t]o demonstrate

---

> of available State corrective process. In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default.

McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (internal citations omitted).

cause for a procedural default, the petitioner must show that some **objective** external factor impeded petitioner's efforts to comply with the state's procedural rule." Kirkland v. Sobina, 2007 U.S. Dist. LEXIS 89047, 11 (M.D. Pa. 2007) (Rambo, J.) (emphasis added), citing Murray v. Carrier, 477 U.S. 478, 488 (1986). After an independent examination, this Court will adopt the R&R insofar as it concludes that Petitioner did not show cause for not fully exhausting available state judicial remedies.

Having determined that Petitioner did not establish cause, there is no reason for this Court to address his failure to show actual prejudice resulting from the alleged ex post facto violation. See (Doc. 14, p. 7) (discussing the Pennsylvania Commonwealth Court decision). See also Trivitt v. Klem, 2008 U.S. Dist. LEXIS 82320, *7-11 (M.D. Pa. 2008) (Vanaskie, J.) (denying the state prisoner's habeas claim on the merits because he failed to show that he was actually disadvantaged by retroactive application of the 1996 amendments as participation in prison programs and admission of guilt were factors relevant to parole decisions before and after 1996). Accordingly, Petitioner's objections, wherein he disagrees with the Magistrate Judge's reliance on the Commonwealth Court's conclusions, argues that the new parole policy of 1996 altered the prior focus on public safety, and challenges the refusal of the Board and the Magistrate Judge to consider that he saved a life, will be overruled. See (Doc. 15, pp. 1-2).

This Court will also adopt Magistrate Judge Smyser's conclusion that Petitioner does not set forth any basis for finding that a fundamental miscarriage of justice would result if the merits of his habeas claims are not addressed. See (Doc. 14, p. 6). The Report states that although Petitioner alleges actual innocence, "he makes no assertion that there is proof of his innocence or any new evidence." (Id.).

The "miscarriage of justice exception is concerned with actual as compared to legal innocence." Calderon v. Thompson, 523 U.S. 538, 559 (1998). "Proving a fundamental miscarriage of justice, 'requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Bennett v. Rozum, 2008 U.S. Dist. LEXIS 29606, *18 (M.D. Pa. 2008) (Jones, J.) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327-28 (internal citations omitted). The petitioner must present new, reliable evidence of his innocence that was not presented at trial. Bennett, 2008 U.S. Dist. LEXIS 29606 at *18. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup, 513 U.S. at 316. "Only if a petitioner presents new, reliable evidence to support his claim does the court reach the second step of determining 'whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Bennett, 2008 U.S. Dist. LEXIS 29606 at *19-20. "This test places 'a very high burden' on the petitioner and is only satisfied in 'extraordinary instances.'" Id., 2008 U.S. Dist. LEXIS 29606 at *18 (citing Goldblum v. Klem, 510 F.3d 204, 225 (3d Cir. 2007)).

Here, Petitioner, complaining that a rape kit was never performed, concedes that he cannot establish actual innocence. See (Doc. 15, p. 3). Therefore, the finding in the R&R that Petitioner "makes no assertion that there is proof of his innocence or any new evidence" will be accepted. He has failed to establish a resulting miscarriage of justice to allow federal habeas

review of his procedurally defaulted claims and the R&R will be adopted.

Finally, although not discussed in the Report, this Court concludes that the instant habeas petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d). Although the one-year limitations period usually begins upon expiration of the time for seeking direct review, because Pennsylvania does not permit direct appeal of a denial of parole by the Board, the limitations period commences on the date of the Board's decision. See <u>Barnhart v. Kyler</u>, 318 F. Supp. 2d 250, 262 (M.D. Pa. 2004) (Conner, J.). Here, Petitioner initiated this action on July 28, 2011, challenging the Board's parole decisions in 2006 and 2009. Clearly the habeas corpus petition is untimely.

## **Conclusion**

Upon <u>de novo</u> review, this Court will adopt the R&R. Magistrate Judge Smyser correctly determines that Petitioner failed to exhaust state judicial remedies and that he has not shown cause to excuse the procedural default or that failure to review the claims will result in a fundamental miscarriage of justice. Petitioner's objections will be overruled. Moreover, the habeas corpus petition was filed well beyond the one-year limitations period.

A separate Order will be issued.

**Date:** February 15, 2012

_[signature]_
**United States District Judge**