FILED
SCRANTON

APR 11 2012

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD B. WILLIAMS, : <br> Petitioner : <br> : CIVIL NO. 3:11-CV-1399 <br> v. : <br> : (JUDGE NEALON) <br> WAYNE J. GAVIN, et al., : (MAGISTRATE JUDGE SMYSER) <br> Respondents : | |

## MEMORANDUM

On July 28, 2011, Petitioner, Richard B. Williams, an inmate currently confined at the State Correctional Institution in Waymart, Pennsylvania filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner alleged that the Pennsylvania Board of Probation and Parole ("the Board") violated the Ex Post Facto Clause when it refused him parole in 2006 and again in 2009.[1] (Doc. 1). On October 27, 2011, after the petition was fully briefed, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation ("R&R") concluding that the habeas petition should be dismissed because Petitioner failed to exhaust state judicial remedies. (Doc. 14). Petitioner filed objections to the R&R on November 7, 2011. (Docs. 15-16). On February 15, 2012, this Court conducted de novo review and adopted the R&R. (Docs. 17-18). The Order stated that "[t]here is no basis for a certificate of appealability." (Id.) (citing 28 U.S.C. § 2253). Nevertheless, on March 19, 2012, Petitioner filed a Notice of Appeal in the Third Circuit Court of Appeals and a motion for certificate of appealability. (Docs. 19, 22). To the extent that the request for a certificate of appealability is made to this Court, the motion will

---

[1] The complete background of this case was explained in the Magistrate Judge's R&R and in this Court's Memorandum. See (Docs. 14, 17).

1

be denied.[2]

**Discussion**

Rule 11 of the Rules Governing Section 2254 Proceedings dictates that at the time an order denying a petition under 28 U.S.C. § 2254 is issued, the Court must determine whether a certificate of appealability ("COA") should issue pursuant to 28 U.S.C. § 2253. Section 2253(c)(2) states, "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." The United States Supreme Court explains:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. ... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Cooper v. United States, 2010 U.S. Dist. LEXIS 69600, *25-26 (M.D. Pa. 2010) (Kane, J.) (denying a certificate of appealability).

The Memorandum dismissing the instant habeas petition explained that a state prisoner must present a claim that he was denied parole in violation of the Ex Post Facto Clause to the Commonwealth Court in order to exhaust state remedies. (Doc. 17, p. 5), citing Parker v. Kelchner, 429 F.3d 58, 61-64 (3d Cir. 2005) (dismissing the habeas petition, which alleged an ex

---

[2] In Robinson, the district court considered the petitioner's request for a certificate of appealability which had been filed in the Court of Appeals. See Robinson v. Johnson, 313 F.3d 128, 133 (3d Cir. 2002) (explaining that "the District Court may grant sua sponte a certificate of appealability").

post facto violation for the Board's application of the 1996 Parole Act to the prisoner's case even though his conviction was for acts committed before 1996, for failure to exhaust); (Doc. 14, p. 4). However, this Court held that Petitioner did not present his challenge to the 2006 parole refusal to the highest state court[3] and failed to appeal his 2009 parole denial at all. (Id.), citing Trivitt v. Klem, 2006 U.S. Dist. LEXIS 92810, *6 (M.D. Pa. 2006) (Vanaskie, J.) (concluding that the state prisoner failed to exhaust his ex post facto challenge to the Board's parole decision because although he filed a mandamus petition, he did not appeal the Commonwealth Court's dismissal of his mandamus action).

This Court concluded that the time for filing an appeal or mandamus petition in the state court had expired, but Petitioner did not demonstrate cause for not fully exhausting available state judicial remedies to excuse the procedural default. (Doc. 17, pp. 7-9), citing Kirkland v. Sobina, 2007 U.S. Dist. LEXIS 89047, 11 (M.D. Pa. 2007) (Rambo, J.); Holland v. Horn, 150 F. Supp. 2d 706, 773 (E.D. Pa. 2001). It was determined that Petitioner also failed to set forth any basis for finding that a fundamental miscarriage of justice would result if the merits of his habeas claims were not addressed. (Doc. 17, pp. 9-10). Rather, Petitioner conceded that he could not establish actual innocence. See (Doc. 15, p. 3).

It was on these grounds that the petition for writ of habeas corpus was denied. Moreover, this Court noted that the habeas petition, filed approximately five (5) years after Petitioner was denied parole in 2006 and approximately two (2) years after his parole denial in 2009, was untimely. (Doc. 17, p. 11), quoting 28 U.S.C. § 2244(d) (establishing a one-year period of

---

[3]Petitioner filed a petition for writ of mandamus in the Pennsylvania Commonwealth Court regarding his 2006 parole denial, but failed to appeal the Commonwealth's Court's decision dismissing his petition. See (Doc. 17, p. 2).

limitations to an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment); Barnhart v. Kyler, 318 F. Supp. 2d 250, 262 (M.D. Pa. 2004) (Conner, J.) (stating that the limitations period begins on the date the Parole Board renders its decision).

A plain procedural bar was present, which this Court correctly invoked to dismiss the case, and no reasonable jurist could conclude either that this Court erred in denying the habeas petition or that Petitioner should be allowed to proceed further. See Slack, 529 U.S. at 484. This Court therefore stated in its Order, "[t]here is no basis for a certificate of appealability." (Doc. 18) (citing 28 U.S.C. § 2253).

In his motion for a certificate of appealability, Petitioner argues "he has 'demonstrate[d] that his petition involves issues which are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are adequate to deserve encouragement to proceed further.'" (Doc. 22, p. 2), quoting Miller-El v. Cockrell, 537 U.S. 322, 330 (2003) (citing Slack, 529 U.S. 473). However, because this Court denied the habeas petition on procedural grounds alone, Petitioner also has to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack, 529 U.S. at 484. Petitioner has not established this element.

Although Petitioner asserts that his untimeliness should be excused because he was unaware of the Board's "policy of barring any and all parole decisions of an appeal and/or judicial review", see (Doc. 22, p. 4), the fact that he originally filed a petition for a writ of mandamus to the Commonwealth Court belies this argument. Furthermore, ignorance of the law, even for a pro se prisoner, does not excuse prompt filing. See Drawbaugh v. Beard, 2012 U.S. Dist. LEXIS 1585, *10 (M.D. Pa. 2012) (Caputo, J.) (dismissing the habeas corpus petition as

untimely); Helfrich v. Coleman, 2010 U.S. Dist. LEXIS 93909, *15 (M.D. Pa. 2010) (McClure, J.) (concluding that the petitioner's "lack of understanding or knowledge of the law also are inappropriate bases for equitable tolling" and dismissing the habeas corpus petition as time-barred), citing School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) (stating "[i]gnorance of the law is not enough to invoke equitable tolling"); see also Williams v. Martin, 2012 U.S. Dist. LEXIS 27651, *22-23 (E.D. Pa. 2012) (concluding that a pro se prisoner's ignorance of the law does not establish cause to excuse procedurally defaulted claims). Accordingly, the habeas corpus petition was properly dismissed on procedural grounds and the motion for a certificate of appealability will be denied. See 28 U.S.C. § 2253.

Moreover, this Court finds that because Petitioner's claim would also fail on the merits, he cannot make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Board's decision to deny parole in 2009 was based on the following reasons: (1) Petitioner's unacceptable compliance with prescribed institutional programs; (2) Petitioner's need to participate in and complete additional institutional programs; (3) the negative recommendation by the Department of Corrections (DOC); and (4) Petitioner's refusal to accept responsibility for the offense(s) committed. See (Doc. 1, p. 13). "These reasons are in-line with the pre-1996 requirements of the act." See Sphar v. Pa. Bd. of Prob. & Parole, 2004 U.S. Dist. LEXIS 28748, *11-12 (M.D. Pa. 2004) (Munley, J.) (finding no ex post facto violation when parole was denied based on the nature of the prisoner's offense, the DOC's recommendation, the prisoner's physical, mental, and behavior assessments, his need to complete additional institutional programs, and the prisoner's interview with the Board). See also Smedley v. Beard, 2012 U.S. Dist. LEXIS 46263, *27-28 (M.D. Pa. 2012) (Conaboy, J.) (holding

that because the decision to deny parole was not based solely upon the prisoner's failure to successfully complete a sex offender program, but upon factors that would have resulted in the denial of parole under the 1996 policies, the ex post facto challenge failed); Fay v. Pa. Bd. of Prob. & Parole, 2006 U.S. Dist. LEXIS 20036, *14 (M.D. Pa. 2006) (Muir, J.) (concluding that there was a substantial basis for denying parole regardless of the 1996 amendments to the Parole Act based on the petitioner's failure to accept responsibility for his offenses and his lack of remorse).

Like the petitioner in Shaffer, Petitioner "reads Mickens-Thomas too broadly." Shaffer v. Meyers, 163 Fed. Appx. 111, 113 (3d Cir. 2006) (discussing Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003)); (Doc. 22, pp. 4-5). The Third Circuit Court of Appeals in Shaffer explained that it does not seem likely that the Board's reasons for denying parole, namely participation in a sexual offender treatment program, the DOC's recommendation, the petitioner's conduct record, and whether he completed institutional programs, would not have been considered by the Board before 1996. See Shaffer, 163 Fed. Appx. at 114. Petitioner's reliance on Mickens-Thomas is therefore unpersuasive in light of the reasons the Board gave for denying him parole. See (Doc. 22, pp. 4-5).

Petitioner's allegation that but for the sexual offender program requirement he would have been immediately released because he "saved a life" is wholly unsupported. See Green v. Marberry, 2010 U.S. Dist. LEXIS 66849, *4-5 ( E.D. Mich. 2010) (explaining that "even when the petitioner helped to save the life of a correctional officer", the Bureau of Prisons had no duty to move for a reduction in the petitioner's sentence); Pennavaria v. Gutierrez, 2007 U.S. Dist. LEXIS 99884, *14-16 (N.D. W. Va. 2007) (holding that pursuant to 28 C.F.R. § 523.10(b), an

inmate who "saved the life of another inmate who was undergoing cardiac distress" was "only entitled to 54 days of good conduct time credit"); Taylor v. Hawk-Sawyer, 39 Fed. Appx. 615 (D.C. Cir. 2002) (concluding that while the prisoner's conduct in helping to save the life of a correctional officer is commendable, the Bureau of Prisons has no statutory duty to move for a reduction of sentence); (Doc. 22, p. 3).

Consequently, Petitioner has not made a substantial showing of the denial of a constitutional right as to permit the issuance of a certificate of appealability. See 28 U.S.C. § 2253.

**Conclusion**

Whether the habeas corpus petition was dismissed on procedural grounds or on the merits, there is no justification for issuing a certificate of appealability. See 28 U.S.C. § 2253. Consistent with this Court's Order dated February 15, 2012, finding "no basis for a certificate of appealability", Petitioner's motion for a certificate of appealability (Doc. 22) will be denied. See (Doc. 18). A separate Order will issue.

Date: April 11, 2012

**United States District Judge**